IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| UNITED STATES OF AMERICA | |
|---|---|
| v. | No. 4:21-CR-042-Y |
| CARLOS LOPEZ GOMEZ | |

## FACTUAL RESUME

**INFORMATION:**

Theft of Government Money, in violation of 18 U.S.C. §§ 641 and 2.

**MAXIMUM PENALTY:**

- Imprisonment for a period not more than 10 years;
- A fine not to exceed $250,000, or twice the pecuniary gain or twice the pecuniary loss to any victim, or both a fine and imprisonment;
- A term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If Defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;
- A mandatory special assessment of $100;
- restitution to victims or to the community, which may be mandatory under the law, and which Defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and
- Forfeiture of property.

**ELEMENTS OF THE OFFENSE:**

The essential elements which must be proved beyond a reasonable doubt in order to establish the offense charged in the Information are as follows:

First:   That the money described in the Information belonged to the United States government and had a value in excess of $1,000 at the time alleged;

| | |
|---|---|
| Second: | That the defendant embezzled, stole and knowingly converted such money to the defendant's own use and the use of another; and |
| Third: | That the defendant did so knowing the money was not his and with intent to deprive the owner of the use and benefit of the money. |

## STIPULATED FACTS:

Between in or around November 2020 and continuing into January 2021, in the Fort Worth Division of the Northern District of Texas, defendant, Carlos Lopez Gomez, and others known and unknown, aiding and abetting one another, did willfully and knowingly steal, purloin and convert to his own use and the use of another, money of the United States, namely: unemployment insurance funds administered by the Texas Workforce Commission and funded by the U.S. Department of Labor, to which he knew that he and others were not entitled, and having a total value exceeding $1,000.

More specifically, Gomez worked with others, including codefendant Ricardo Parno, to effectuate a scheme to illegally obtain money from the U.S. Government, that were designated as unemployment insurance funds. Parno and Gomez were instructed to travel from California to Texas and find addresses that could be used to receive mail associated with fraudulent unemployment insurance applications and distributions.

In Texas, these funds were administered by the Texas Workforce Commission ("TWC") and funded by the Department of Labor. As Parno knew, these fraudulent unemployment insurance applications were made in the names of unsuspecting victims who had not authorized Parno, Gomez, or others to collect mail or funds from the TWC in their name.

As part of the scheme, Parno and Gomez visited a variety of retail establishments across the DFW metroplex, including those located in the Fort Worth Division of the Northern District of Texas. At these stores, Parno often applied, paid, and opened a P.O. Box in the name of Miguel Perez. Parno had received a fraudulent Utah driver's license in the name of Miguel Perez and used that driver's license, along with a fraudulent insurance card, to open these mail boxes. Parno and Lopez opened at least 33 different mail boxes at, at a minimum, 24 different locations.

Per the scheme, TWC applications and debit cards, in the names of victims, that contained TWC funds were sent to these mail boxes. Parno and Gomez collected these debit cards and other mail. Parno and Gomez transferred the debit cards to other conspirators and was paid either a set amount or a percentage of the stolen funds. On certain occasions, Parno and Gomez utilized the stolen credit cards to purchase personal items. Parno and Gomez knew these funds did not belong to them and had been stolen from the U.S. Government.

As a specific example, on or about November 27, 2020, a mailbox was opened at Eagle Postal Center, 900 North Walnut Creek Drive #100, Box 327, Mansfield, Texas 76063, in the name of Miguel Perez. Parno used the identity and a falsified Utah Driver License in the name of Miguel Perez to open the mailbox.

On or about December 9, 2020, an unemployment insurance claim was filed in the name of an individual, identified here as E.S., using the address 900 N Walnut Creek Drive, Ste 100, Mansfield, Texas 76063.

As a result of the unemployment insurance claim filed in the name of E.S., a U.S. Bank ReliaCard ending in 3422 was issued and mailed on or about December 3, 2020 to 900 N Walnut Creek Drive, Suite 100, Mansfield, Texas 76063.

As a specific example, on December 26, 2020, Gomez used the TWC debit card ending in 3422 issued in the name of E.S. for a purchase in the amount of $755.59 to purchase clothing at John Varvatos.

On December 10, 2020, Gomez used another TWC debit card ending in 9891 containing unemployment insurance benefits for a purchase in the amount of $715.53 to purchase shoes at Neiman's.

These debit cards each contained more than $1,000 in U.S. Government funds. The example above does not represent the full amount of intended or actual loss in this case.

The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Information.

SIGNED this 24th day of March, 2021.

_____  
CARLOS LOPEZ GOMEZ  
Defendant

_____  
~~DAVID FINN~~ Guy Womack  
Attorney for Defendant

Factual Resume - Page 4